# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| Paul Weishaar,<br><br>　　　　　　Plaintiff,<br><br>– against–<br><br><br>Global Credit & Collection Corp,<br><br>　　　　　　Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Paul Weishaar (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendant, Global Credit & Collection Corp, alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### PARTIES

2. Plaintiff, Paul Weishaar, is an adult citizen of the State of Minnesota.

3. Defendant, Global Credit & Collection Corp, is a for profit business entity organized and existing under the law of Delaware that is regularly engaged in

the business of collecting debts in Delaware, with its principal place of business located at 5440 N Cumberland Ave STE 300, Chicago, IL 60656-1490. The principal business purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

### JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

7. Venue is proper in Delaware pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

### FACTUAL ALLEGATIONS

8. Defendant attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Synchrony Bank.

9. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

10. On or about February 10, 2016, Plaintiff and Professional Bureau of Collections of Maryland, Inc. ("PBCM"), on behalf of Synchrony Bank ("Synchrony"), entered into a settlement agreement for Plaintiff's Synchrony

account ending 5633. A copy of the settlement agreement is attached hereto as <u>Exhibit A</u>.

11. Pursuant to the terms of the settlement, Plaintiff was required to make twelve (12) monthly payments totaling $1,840.00.

12. Thus, Synchrony acknowledged in writing that it had agreed to a settlement of Plaintiff's Synchrony account ending in 5633, in consideration for the payments which Plaintiff would be required to make.

13. Via his debt settlement law firm, Law Offices of Robert S. Gitmeid ("LORG"), Plaintiff timely made the requisite settlement payments.

14. However, PBCM and Synchrony accepted and cashed only four of the twelve payments. Proofs of these payments are attached hereto as <u>Exhibit B</u>.

15. On or about June 24, 2016, Plaintiff received a dunning letter from Defendant attempting to collect on his Synchrony account in disregard of the previous settlement agreement between Plaintiff and Synchrony. A copy of this letter is attached herein as <u>Exhibit C</u>.

16. In this collection letter, Defendant referenced a balance of $4,024.88 on the above referenced account.

17. As explained thoroughly above, at the time when Plaintiff received the letter, the settlement balance on his account was only $1,265.44.

18. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have acted in compliance with the FDCPA, but failed to do so.

19. Defendant failed to adequately review its actions to ensure compliance with the FDCPA.

20. At all times pertinent hereto, Defendant acted by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant.

21. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF
(Fair Debt Collection Practices Act)

22. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

23. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

24. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

25. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

26. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

27. Defendant violated the FDCPA violated these provisions by misrepresenting the balance on Plaintiff's account as $4,024.88, despite being aware that the settlement balance on Plaintiff's account was only $1,265.44.

28. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the FDCPA.

29. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*